IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br> vs.<br><br>SCOTT FRAKES, Director of the Department of Corrections, In His Individual and Official Capacity; DIANE J. SABATKA-RINE, Former Director of Institutions, Now Chief of Operations, In Her Individual Capacity; RANDY T. KOHL, Former Director of Health Services at Department of Correctional Services; JEFFREY A. DAMME, Medical Doctor, In His Individual Capacity; CORRECT CARE SOLUTIONS LLC, BARBARA LEWIN, Warden of Omaha Correctional Center, In her individual capacity; ROB BRITTEN, In His Individual Capacity, Facility Prison Rape Elimination Act Compliance Manager of Omaha Correctional Center; KATHLEEN OGDEN, Medical Doctor and Omaha Correctional Center Facility Health Administrator, In Her Individual Capacity; MARGARET ANTLEY, Physician Assistant at Omaha Correctional Center, In her Individual Capacity; THOMAS DAVIS, Former Housing Unit Manager at Omaha Correctional Center, In his Individual Capacity; RICHARD MARTIN, Current Housing Unit Caseworker at Omaha Correctional Center, In his Individual Capacity; RYAN LAFAVE, Nursing Supervisor at Omaha Correctional Center, in His Individual Capacity; and RICH CRUICKSHANK, Current Warden of Omaha Correctional Center, In His Individual capacity;<br><br>    Defendants. | 8:20CV128<br><br>AMENDED FINAL<br>PROGRESSION ORDER |

   THIS MATTER is before the Court on the parties' Joint Motion to Extend Progression Deadlines in Order Setting Schedule for Progression of a Civil Case. (Filing No. 44.) The motion is granted. Accordingly,

   IT IS ORDERED that discovery shall progress as to the issue of qualified immunity only at this time. The provisions of the previous Final Progression Order shall remain in effect, and in addition to those provisions, the final progression order shall be amended is as follows:

   1)  The jury trial of this case will not be set at this time. The Court will hold a status conference upon a ruling on the Motion for Summary Judgment based upon

   Qualified Immunity. The parties shall contact Magistrate Judge Bazis' chambers within 14 days following such ruling to schedule a status conference.

2) A status conference to discuss case progression will be held by telephone before the undersigned magistrate Judge on August 12, 2021 at 1:00 p.m. Case conference instructions are found at [Filing No. 31](#).

3) A motion to strike the jury demand will be filed after receiving a ruling on all dispositive motions, to determine whether any claim entitling Plaintiffs to trial by jury remains.

4) The deadline for serving initial mandatory disclosures under Rule 26(a)(1) is **August 24, 2020**. (An initial set of disclosures were provided prior to this case being bifurcated. However, the parties are supplementing and providing additional information and that will be provided by August 24, 2020.)

5) The deadlines for moving to amend pleadings or add parties are:

   For the plaintiff(s):  **August 28, 2020**
   For the defendant(s):  **September 30, 2020**

6) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is **November 23, 2020**. Motions to compel written discovery under Rules 33, 34, 36 and 45 must be filed by **February 26, 2021**.

**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

7) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#)), are:

   For the plaintiff(s):  **December 21, 2020**
   For the defendant(s):  **July 30, 2021**

8) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#)), are:

   For the plaintiff(s):  **January 21, 2021**
   For the defendant(s):  **August 6, 2021**

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

9) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **April 30, 2021**. The Plaintiff's expert deposition deadline is **June 30, 2021**. The Defendant's expert deposition deadline is **September 20, 2021**.

   a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

   b. Depositions will be limited by Rule 30(d)(1), except as follows:

   The parties agree to advance all related costs of their own expert witnesses' preparation prior to being deposed by the other side, and to pay reasonable expert fees only for time spent deposing the other side's experts in arrears.

10) The deadline for filing motions to dismiss and motions for summary judgment is **May 4, 2021**.

11) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **May 4, 2021**.

12) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

13) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 21st day of January, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge