IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE, | Case No. 8:20-cv-128 |
| Plaintiff, | |
| vs. | BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS (FED. R. CIV. P. 12(C)) |
| SCOTT FRAKES, ET AL., | |
| Defendants. | |

## INTRODUCTION

Jane Doe filed suit under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment's prohibition against cruel and unusual punishment for allegedly failing to provide necessary medical care. (Filing 1 at ¶¶62-65). Additionally, Doe alleges violations of the Prison Rape Elimination Act of 2003 (PREA), 42 U.S.C. § 15601, *et seq*. Doe is currently an inmate of the Nebraska Department of Correctional Services. (Filing 1 at ¶3). She is diagnosed with Gender Dysphoria and is transitioning from male to female. (Filing 1 at ¶17-18). Pleadings closed on September 30, 2020. (Filing 45). Because Doe fails to plead a plausible claim for relief against Defendants Rob Britten, Thomas Davis, Richard Martin, Barbara Lewien, Rich Cruickshank, Diane Sabatka-Rine, Ryan LaFave, and Scott Frakes, in his individual capacity, her Complaint must be dismissed with prejudice as to those defendants.[1]

---

[1] The remaining Defendants, Kathleen Odgen, Margaret Antley, Randy T. Kohl, and Scott Frakes, in his official capacity, will be addressed in a motion for summary judgment under Fed. R. Civ. P. 56 that will be filed at a future date.

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is addressed by the Court under the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). Judgment on the pleadings is appropriate when there are no disputes of material facts, and the moving party demonstrates it is entitled to judgment as a matter of law. *Ashley County. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (citing *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)). To survive a Rule 12(c) motion, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The plausibility standard of *Twombly* and *Iqbal* applies to motions filed under Fed. R. Civ. P. 12(c). *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018). A plaintiff "need not set forth 'detailed factual allegations,' or 'specific facts' that describe the evidence to be presented," but "the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 795–96 (8th Cir. 2021) (citing *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc)). The district court is "not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Id.* at 796 (quoting *Gregory*, 565 F.3d at 473). "A complaint 'must contain

either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Johnson v. McDonald Corp.*, 542 F. Supp. 3d 888, 890 (E.D. Mo. 2021) (quoting *Twombly*, 550 U.S. at 562).

## ARGUMENT

### I.  PREA IS NOT A BASIS FOR DOE TO SEEK RELIEF.

Doe alleges multiple violations of the PREA as a basis for her claims against Britten, Martin, Davis, Lewien, Cruickshank, and Sabtaka-Rine:

- Doe alleges that Britten told her it was "out of his hands" after she complained about not being consistently let out of her cell for showers at her designated time—a purported PREA violation. (Filing 1 at ¶¶32-34). Britten is the PREA Compliance Manager for the Omaha Correctional Center. (Filing 1 at ¶10).

- Doe alleges that Martin referred to her as "Mr. Sir" and "gentleman" and used male pronouns despite her transgender status. (Filing 1 at ¶42-43). She also alleges that Defendant Martin watched her in the restroom and entered her cell while she was sleeping—both claimed violations of PREA. (Filing 1 at ¶¶44-45). Martin is a Housing Unit Case worker at Omaha Correctional Center. (Filing 1 at ¶14).

- Doe alleges that Davis changed her shower time, placed her with an objectionable roommate, placed her with other roommates that were convicted of rape or murder at unspecified times during her incarceration, and denied grievances. (Filing 1 at ¶¶35, 36, 40, 41). Davis is a Housing Unit Manager at Omaha Correctional Center. (Filing 1 at ¶13).

- Doe alleges Lewien[2] denied her grievance concerning women's undergarments determined not to be medically necessary in violation of PREA. (Filing 1 at ¶50-51). Lewien is the Warden of Omaha Correctional Center. (Filing 1 at ¶9).

- Doe alleges Cruickshank told her that he would place her in "the hole" in violation of PREA and kicked her out of his office when she objected to a particular inmate being housed with her. (Filing 1 at ¶37-39). Cruickshank is the Warden at Omaha Correctional Center. (Filing 1 at ¶16).

- Doe alleges Sabatka-Rine denied her makeup and underwear items to treat her Gender Dysphoria allegedly in violation of Section 14 of PREA. (Filing 1 at ¶¶48-49).

However, these alleged violations, standing alone, do not state a plausible claim to relief, because PREA does not provide Doe with a private right of action. "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002).

Courts that have addressed PREA, standing alone as an implied right of action, or in the context of 42 U.S.C. § 1983—seeking damages or declaratory relief—have

---

[2] Doe's Complaint identifies Defendant as "Barbara Lewin"; however, the correct spelling of her surname is "Lewien."

consistently found Congress did not intend to create a private remedy to inmates.[3] In addition to the lack of a private right of action under PREA, to the extent any allegation is based on the denial of grievances by supervisors, this is generally insufficient to give rise to liability under § 1983. *Rowe v. Norris*, 198 F. App'x 579, 580 (8th Cir. 2006). Because PREA creates no right to relief, all claims against

---

[3] *Peterson v. Burris*, No. 14-CV-13000, 2016 WL 67528, at *2 (E.D. Mich. Jan. 6, 2016) ("PREA does not provide prisoners with a private right of action."); *Hill v. Hickman Cty. Jail*, 2015 WL 5009301 at *3 (M.D. Tenn. August 21, 2015) ("To the extent the complaint might be construed as bringing a claim under the PREA, such claim must be dismissed.)); *Montgomery v. Harper*, 2014 WL 4104163, at *3 (W.D. Ky. Aug. 19, 2014) ("[T]his Court concludes that the PREA creates no private right of action."); *Chapman v. Willis*, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013) ("There is no basis in law for a private cause of action under § 1983 to enforce a PREA violation."); *Holloway v. Dep't of Corr.*, 2013 WL 628648, at *2 (D. Conn. Feb. 20, 2013) ("[N]othing in the PREA that suggests that Congress intended it to create a private right of action for inmates to sue prison officials for non-compliance of the Act."); *Faz v. N. Kern State Prison*, No. CV-F-11-0610-LJO-JLT, 2011 WL 4565918, at *5 (E.D. Cal. Sept. 29, 2011) ("PREA does not create a private right of action and plaintiff is barred from seeking declaratory relief under the Act."); *Woodstock v. Golder*, No. 10-CV-00348-ZLW-KLM, 2011 WL 1060566, at *9 (D. Colo. Feb. 7, 2011) (PREA enacted to address prison rape and study the issue, not provide a private right of action.); *Pope v. Martin*, No. CIV-21-216-C, 2021 WL 4699168, at *2 (W.D. Okla. Sept. 9, 2021) (§ 1983 must show violation of federal right, not just a federal law, and PREA does not confer a private right of action); *Perry v. Warden Warren Corr. Inst.*, No. 1:20-CV-30, 2020 WL 4013038, at *1 (S.D. Ohio July 16, 2020), *appeal dismissed*, No. 20-3889, 2020 WL 8618189 (6th Cir. Oct. 5, 2020) ("[N]othing in the statute indicates an intent to give specific rights to prisoners."); *Sublett v. Bryant*, No. CIV.A. No. 15-016-JMH, 2015 WL 2401222, at *4 (E.D. Ky. May 20, 2015) ("To the extent that [plaintiff] may be attempting to assert a PREA claim in this action, such claim is without merit because the PREA does not provide a private right of action."); *Green v. Martin*, 224 F. Supp. 3d 154, 171 (D. Conn. 2016) ("[C]laim fails as there is no private right of action under the Prison Rape Elimination Act."); *Fisher v. Fed. Bureau of Prisons*, 484 F. Supp. 3d 521, 537 (N.D. Ohio 2020) (Purpose of PREA is to compile information to establish standards to combat prison rape, not confer inmates extra rights.); *Schill v. Pederson*, No. 016CV01280DWFKMM, 2016 WL 7404743, at *4 (D. Minn. Nov. 22, 2016) (Court unaware of any other case interpreting PREA to provide private cause of action.); *Krieg v. Steele*, 599 Fed.Appx. 231, 232-33 (5th Cir. 2015) (PREA claim dismissed as frivolous.)

Britten, Martin, Davis, Lewien, Cruickshank, and Sabatka-Rine must be dismissed, unless they can otherwise state a violation of the Eighth Amendment. These allegations fail to state another plausible claim under the Eighth Amendment to avoid dismissal.

## II. DOE FAILS TO STATE ANY PLAUSIBLE CLAIM UNDER THE EIGHTH AMENDMENT FOR DENIAL OF MEDICAL CARE AGAINST FRAKES, SABATKA-RINE, AND LaFAVE.

Doe further fails to plead a plausible claim against Frakes, Sabatka-Rine, and LaFave for denial of medical care under the Eighth Amendment. Therefore, her claims must be dismissed with prejudice.

The Eighth Amendment "does not mandate comfortable prisons," but rather "humane conditions of confinement." *Smith v. Arkansas Dep't of Correction*, 103 F.3d 637, 644 (8th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Within the obligation to provide humane conditions of confinement is that inmates must be provided with adequate medical care. *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018) (citing *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011)). "To establish that a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show that a defendant acted with deliberate indifference." *Id.*

The test for deliberate indifference has two prongs: (1) the inmate suffers from an objectively serious medical need; and (2) the defendant knew of and deliberately disregarded that serious medical need. *Id.* Deliberate disregard is a mental state akin to criminal-law recklessness. *Id.* (citing *Farmer*, 511 U.S. at 835, 839–40). "Liability under section 1983 requires a causal link to, and direct responsibility for, the

deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir.1990)). Liability cannot be based on respondeat superior. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

### A. Doe Fails to Plead a Plausible Denial of Medical Care Claim Against Defendants Frakes and Sabatka-Rine.

Frakes is the Director of the Nebraska Department of Correctional Services (NDCS). (Filing 1 at ¶4). Sabatka-Rine is Chief of Operations of NDCS and formerly Deputy Director of Institutions. (Filing 1 at ¶5). In her Complaint, Doe alleges Frakes: (1) was aware of her medical condition (in his official capacity); (2) confirmed her diagnosis after requesting her evaluation (in his official capacity); (3) received an email regarding a need to develop a treatment plan; and (4) denied grievances made by Doe. (Filing 1 at ¶¶21, 26, 27, 60). Additionally, Doe alleges Sabatka-Rine: (1) denied Doe makeup and underwear items; and (2) denied her grievances. (Filing 1 at ¶¶48, 60).

Public officials are not liable under 42 U.S.C. § 1983 solely because they hold supervisory authority. "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). Additionally, when supervisors lack medical expertise, they are not generally responsible for medical decisions by treating staff regarding that medical care. *See id.* (citing *Crooks v. Nix*, 872 F.2d 800, 803 (8th Cir.1989)).

### 1. Doe Fails to Plead a Plausible Claim Demonstrating Deliberate Indifference.

Doe identifies Dr. Randy Kohl, Dr. Kathleen Odgen, LaFave, Correct Care Solutions, and Dr. Jeffrey Damme as treatment providers for her Gender Dysphoria, and persons otherwise responsible for her medical care. (Filing 1 at ¶¶6, 7, 8, 11, 15, 25). Doe fails to allege Frakes and Sabatka-Rine were responsible for her medical care, possessed any medical training or knowledge, or other facts to demonstrate some causal link between them and the medical care allegedly denied.

Doe's allegations against Frakes reasonably begin and end with his knowledge of her medical condition. (Filing 1 at ¶¶21, 26, 27). Alleged knowledge alone is legally insufficient to establish deliberate indifference as it fails to meet the second prong—knowledge of *and* deliberate disregard. *See Barr*, 909 F.3d at 921 (emphasis added). Doe fails to allege sufficient facts to show Frakes deliberately disregarded her medical needs. Rather, Frakes requested Doe be evaluated showing affirmative conduct in favor of Doe and not a deliberate disregard. (Filing 1 at ¶26). Consequently, Doe fails to plead a plausible claim demonstrating deliberate indifference to support her claim.

As to Sabatka-Rine, Doe alleges she denied her makeup and women's underwear. (Filing 1 at ¶48). However, Doe does not allege that she was prescribed makeup and underwear prior to November 30, 2016, that makeup and undergarments constituted a serious medical need, or any other facts sufficient to permit a reasonable inference that both prongs of deliberate indifference are met. *See Barr*, 909 F.3d at 921. Likewise, Doe fails to plead a plausible claim against Sabatka-Rine demonstrating deliberate indifference to support her claim.

### 2. Alleged Denial of Grievances are Insufficient.

Doe also alleges Frakes and Sabatka-Rine denied multiple grievances regarding her medical care. (Filing 1 at ¶60). However, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Haight v. Thompson*, 5:11CV-P118-R, 2011 WL 4473143, at *2 (W.D. Ky. Sept. 26, 2011) (quoting *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir.2008)); *Rowe*, 198 F. App'x at 580. The grievances stem from the alleged conduct of others that is separate and distinct from Frakes' and Sabatka-Rine's alleged involvement. (Filing 1 at ¶¶50-59). This is not "the personal involvement required to support liability." *Camberos*, 73 F.3d at 176.

### B. Doe Fails to State a Plausible Denial of Medical Care Claim against LaFave.

Doe's allegations against LaFave also fall well below the plausibility standard under the Eighth Amendment for denial of medical care. Defendant LaFave is the Nurse Supervisor of Omaha Correctional Center. (Filing 1 at ¶15).

Doe alleges LaFave responded to a "Kite" from her asking: "If you prefer—your estrogen could be discontinued so that the possibility of liver damages is even less?" (Filing 1 at ¶55). The standard for denial of medical care under the Eighth Amendment is deliberate indifference that demonstrates an objective serious medical need, and a subjective disregard of that serious medical need. *Barr*, 909 F.3d at 921. Doe's singular allegation against LaFave fails to establish the subjective component of deliberate indifference and ascribes no liability under the Eighth Amendment. While Doe characterizes the question as a threat, LaFave simply asked Doe a

question about her treatment. No actual actions are alleged. "Conclusory allegations and threadbare recitals of elements . . . cannot survive a motion to dismiss." *Du Bois v. Bd. of Regents of Univ. of Minnesota*, 987 F.3d 1199, 1205 (8th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).

### III. DOE FAILS TO STATE ANY PLAUSIBLE CLAIM UNDER THE EIGHTH AMENDMENT FOR FAILURE TO PROTECT AGAINST DAVIS AND CRUICKSHANK.

While not clearly articulated, Doe seemingly attempts to allege an Eighth Amendment claim against Davis and Cruickshank for failing to protect her from harm. (Filing 1 at ¶¶36-41). Defendants address this unarticulated claim out of an abundance of caution. However, Doe fails to plead a plausible Eighth Amendment claim for failure to protect under the Eighth Amendment.

"Inmates have a clearly established Eighth Amendment right to be protected from violence by other inmates." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). A failure-to-protect claim has an objective and subjective component: whether there was an objective substantial risk of harm, and whether the prison official subjectively was deliberately indifferent. *Id.* (citing *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). To establish deliberate indifference under the Eighth Amendment for failing to protect from assault by another inmate, the inmate "must show that [s]he was faced with a pervasive risk of harm and that the prison officials failed to respond reasonably to that risk." *Vandevender v. Sass*, 970 F.3d 972, 977 (8th Cir. 2020) (quoting *Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir. 1992)). A "pervasive risk of harm" is not ordinarily shown by a single incident, or isolated incidents. *Id.* (quoting

*Andrews v. Siegel*, 929 F.2d 1326, 1330 (8th Cir. 1991). The violence or sexual assaults must occur "with sufficient frequency that prisoners are put in reasonable fear for their safety and to reasonably apprise prison officials of the existence of the problem and the need for protective measures." *Id.* (quoting *Andrews*, 929 F.2d at 1330).

Doe's allegations that she was housed with rapists and murderers are not relevant to her failure to protect claims. (Filing 1 at ¶40). "[P]rison officials are not required to segregate indefinitely all inmates whose original crimes suggest they might be capable of further violence." *Curry*, 226 F.3d at 978. While an inmate's original crime is not irrelevant to the administration of prison sentence or the security classification, the crime committed determines the length of the sentence and not the conditions under which it is served.[4] Sharon Dolovich, *Cruelty, Prison Conditions, and the Eighth Amendment*, 84 NYU L. Rev. 881, 885 (2009). An inmate's prior crimes—without more—does not plead an Eighth Amendment claim.

There are no allegations that Doe suffered harm from these unspecified inmates, let alone does she plead facts sufficient to establish these individuals presented a pervasive risk of harm to her. "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir.

---

[4] "The aim is to place prisoners in the least restrictive classification in which they can be housed safely and coexist peaceably with other inmates. If the profile of a convicted murderer indicates a nonviolent and cooperative disposition, he may well end up in minimum security, whereas a check kiter with a long institutional history of violence will wind up in maximum security." Sharon Dolovich, *Cruelty, Prison Conditions, and the Eighth Amendment*, 84 NYU L. Rev. 881, 885 (2009).

2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). Doe's lack of well-pleaded facts requires the Court to speculate about the objective risk of these inmates without any basis to draw a reasonable inference of deliberate indifference, or injury from which to base an award.

Doe's allegation of one instance where an inmate rubbed something on her lips while she was sleeping, and touch her in her sleep, is also insufficient to state a plausible claim against Davis and Cruickshank. No other factual allegations support a reasonable inference of a pervasive risk of harm Doe from this inmate prior to him being placed with her from which Davis and Cruickshank were deliberately indifferent. Notably, Doe fails to allege either Davis or Cruickshank had any awareness of this inmate's purported conduct after he was placed with her. *See Perkins v. Grimes*, 161 F.3d 1127, 1130 (8th Cir. 1998) (plaintiff must prove that defendant was aware of facts to infer the existence of a substantial risk of serious harm to him).

Further, Doe does not allege sufficient harm. "Claims under the Eighth Amendment require a compensable injury to be greater than de minimis." *Irving*, 519 F.3d at 448. The Eastern District of Missouri recently dismissed an inmate's claim as *de minimis* injury when another inmate struck the plaintiff in the face resulting in a physical struggle. *Jerrod v. Phillips*, No. 4:19-CV-03131-AGF, 2022 WL 605226, at *4 (E.D. Mo. Mar. 1, 2022). The Court noted the plaintiff received no physical injury, ongoing symptoms, pain and suffering, or mental anguish from the altercation. *Id*. The Court stated explicitly that a "blow to the face that required no medical attention

and resulted in no lasting symptoms, without more, is *de minimis* as a matter of law." *Id.* Likewise, Doe's allegations are de minimis for which she has no remedy and cannot state a plausible claim for relief.

## CONCLUSION

A review of the well-pleaded facts demonstrates that Doe's Complaint fails to state a plausible claim for relief against Britten, Davis Martin, Lewien, Cruickshank, Frakes, Sabatka-Rine, LaFave, and Frakes in his individual capacity. Consequently, her Complaint must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(c).

Dated this 28th day of March 2022.

        **SCOTT FRAKES, in his official and individual capacities, DIANE SABATKA-RINE, in her individual capacity, RANDY KOHL, in his individual capacity, BARBARA LEWIEN, in her individual capacity, and ROB BRITTEN, in his individual capacity, KATHLEEN OGDEN, in her individual capacity, MARGARET ANTLEY, in her individual capacity, THOMAS DAVIS, in his individual capacity, RICHARD MARTIN, in his individual capacity, RICH CRUICKSHANK, in his individual capacity, RYAN LAFAVE, in his individual capacity, Defendants.**

By:   DOUGLAS J. PETERSON, #18146
       *Attorney General*

By:   *s/ Erik W. Fern*
       Erik W. Fern, #23733
       *Assistant Attorney General*

       OFFICE OF THE ATTORNEY GENERAL
       2115 State Capitol
       Lincoln, Nebraska 68509
       Phone: (402) 471-1830
       Fax: (402) 471-4725
       erik.fern@nebraska.gov
       *Attorneys for State Defendants.*

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d), the undersigned hereby certifies that the foregoing principal brief contains 3,817 words (including the caption, headings, footnotes, and quotations) in compliance with said rule. The undersigned utilized the word count function of Microsoft Word for Microsoft Office 365.

By: *s/ Erik W. Fern*
Erik W. Fern, #23733
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska, using the CM/ECF system, causing notice of such filing to be served upon all parties' counsel of record as follows:

| | |
|---|---|
| Joy Shiffermiller | Renee Eveland |
| Abby Osborn | Cline Williams Wright |
| Shiffermiller Law Office, P.C., L.L.O. | Johnson & Oldfather, L.L.P. |
| 1002 G Street | 233 South 13th Street, #1900 |
| Lincoln, Nebraska 68508 | Lincoln, NE 68508 |
| joy@shiffermillerlaw.com | reveland@clinewilliams.com |
| *Attorneys for Jane Doe* | *Attorney for Defendants Damme and CCS* |

By: *s/ Erik W. Fern*
Erik W. Fern, #23733
*Assistant Attorney General*