IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>              Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, Director of the Department of Corrections, In His Individual and Official Capacity; DIANE J. SABATKA-RINE, Former Director of Institutions, Now Chief of Operations, In Her Individual Capacity; RANDY T. KOHL, Former Director of Health Services at Department of Correctional Services; JEFFREY A. DAMME, Medical Doctor, In His Individual Capacity; CORRECT CARE SOLUTIONS LLC, BARBARA LEWIN, Warden of Omaha Correctional Center, In her individual capacity; ROB BRITTEN, In His Individual Capacity, Facility Prison Rape Elimination Act Compliance Manager of Omaha Correctional Center; KATHLEEN OGDEN, Medical Doctor and Omaha Correctional Center Facility Health Administrator, In Her Individual Capacity; MARGARET ANTLEY, Physician Assistant at Omaha Correctional Center, In her Individual Capacity; THOMAS DAVIS, Former Housing Unit Manager at Omaha Correctional Center, In his Individual Capacity; RICHARD MARTIN, Current Housing Unit Caseworker at Omaha Correctional Center, In his Individual Capacity; RYAN LAFAVE, Nursing Supervisor at Omaha Correctional Center, in His Individual Capacity; and RICH CRUICKSHANK, Current Warden of Omaha Correctional Center, In His Individual capacity;<br><br>              Defendants. | 8:20-CV-128<br><br>**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS** |

1

This matter is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis in which she requests that the Court permit her to proceed *in forma pauperis* to file an appeal. Filing 117. Pursuant to Federal Rule of Appellate Procedure 24(a), except as otherwise provided, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). The party must also "attach an affidavit that: (A) shows in detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(A)–(C).

The Court has reviewed Plaintiff's Motion and supporting affidavits. Although Plaintiff meets the standard for indigency, the Motion filed by her Counsel does not meet the requirements of Fed. R. App. P. 24(a)(1). Specifically, the Motion does not include an affidavit that "states the issues that [she] intends to present on appeal" as required by Fed. R. App. P. 24(a)(1)(C). *See e.g., Massie v. Anthony Timberlands, Inc.*, No. 6:06-CV-6005, 2008 WL 11440574, at *1 (W.D. Ark. Mar. 6, 2008), *report and recommendation adopted*, No. 6:06-CV-6005, 2008 WL 11450881 (W.D. Ark. Apr. 9, 2008) ("Plaintiff did not state the issues that he intends to appeal as required by FED. R. APP. P. 24(a)(1)(C). He has, therefore, failed to comply with the Federal Rules of Appellate Procedure in perfecting his *in forma pauperis* appeal"). Accordingly,

IT IS ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis, Filing 117, is denied without prejudice to reassertion.

Dated this 14th day of September, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge